J-A14007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN H. BALL & SON, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS MORROW AND THERESA | : | No. 1654 WDA 2018 |
| MORROW, HUSBAND AND WIFE | : | |

Appeal from the Order Entered October 22, 2018
In the Court of Common Pleas of Butler County
Civil Division at No(s):  No. 17-10927

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              **FILED AUGUST 12, 2019**

John H. Ball & Son, LLC (Ball) appeals from the order entered on October 22, 2018, in the Court of Common Pleas of Greene County, sustaining the preliminary objections of Douglas and Theresa Morrow (the Morrows) and dismissing Ball's Declaratory Judgment action for lack of jurisdiction.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand to the trial court for further proceedings.

> Our standard and scope of review is well-settled. In ruling on whether the preliminary objections [regarding jurisdiction] were properly sustained, we must determine whether it is clear and free from doubt from all the facts pleaded that Appellants will be unable to prove facts legally sufficient to establish jurisdiction or a right to relief. *See* **Hospital Healthsystem Ass'n of Pennsylvania v. Department of Public Welfare**, *585 Pa. 106, 888 A.2d 601, 607 (2005)*. This raises questions of law as to which our standard of review is *de novo.* **Id.**

*Ciamaichelo v. Independence Blue Cross*, 909 A.2d 1211, 1216, n. 7 (Pa. 2006).

The underlying action sought a declaration of ownership for an abandoned gas well. The Pennsylvania Department of Environmental Protection (DEP) determined the well at issue had been abandoned and therefore was required to be capped. A dispute arose over the ownership of the well, and, therefore, who was responsible for capping the well. The DEP stayed enforcement of its order to cap the well until ownership of the well could be determined. As noted, Ball filed the underlying declaratory judgment action seeking a judicial determination of ownership of the well. The Morrows filed preliminary objections to the declaratory judgment action, claiming, in part, that the DEP possessed the sole jurisdiction to determine owners of the well. The trial court agreed with the Morrows that the DEP had sole jurisdiction to determine ownership of the well in question and dismissed the action for lack of subject matter jurisdiction. Because we can find no support for this determination in the regulations or case law cited by either the trial court or the Morrows, and given that trial courts routinely determine issues of ownership of property (real, personal or intellectual), we must reverse and remand for further proceedings.

We begin by noting the jurisdiction of the Court of Common Pleas is described by statute at 42 Pa.C.S. § 931, and states, in relevant part:

> **(a) General rule.**--Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters)

vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

42 Pa.C.S. § 931(a).

That the determination of ownership of property, without other specific reservation, falls under the general jurisdiction of the court of common pleas is unassailable. Accordingly, we must look to determine whether the DEP has been afforded the jurisdiction to determine the ownership of gas wells, as asserted by the Morrows and found by the trial court.

The Morrows have repeatedly asserted the DEP has the sole jurisdiction to determine the ownership of gas wells. However, they have provided no actual legal support for this sweeping statement. In their preliminary objections, paragraph 8 simply asserts:

8. The DEP, and not this Court, has jurisdiction to determine ownership and abandonment of wells located in Pennsylvania.

Preliminary Objections at ¶ 8.

Although other paragraphs in the preliminary objections contain citations to law, this averment does not. The Morrows' brief in support of their preliminary objections generically refers to the Pennsylvania Code at § 78.1, *et seq*. **See** Brief in Support of Preliminary Objections at 5. To provide an overview, we note that 25 Pa.Code, Chapter 78 addresses oil and gas wells. The scope of the chapter is found at 25 Pa.Code § 78.2.

> This chapter specifies procedures and rules for the drilling, alteration, operation and plugging of oil and gas wells, and for the operation of a coal mine in the vicinity of an oil or gas well.

25 Pa.Code § 78.2. The description of the scope of the Chapter is bereft of any mention of the ability to determine the ownership of a gas well. Rather, it describes the intent of the Chapter to provide the procedures and rules for those who own/operate a gas well.

The Morrows specifically refer to sections 78.11 and 78.13 to support their argument. Neither section can be read to reserve the jurisdiction for ownership determination to the DEP.

Section 78.11 states, *in toto*:

> (a) No person may drill or alter a well unless that person has first obtained a permit from the Department.
>
> (b) No person may operate a well unless one of the following conditions has been met:
>
> > (1) The person has obtained a permit under the act.
> >
> > (2) The person has registered the well under the act.
> >
> > (3) The well was in operation on April 18, 1985, under a permit that was obtained under the Gas Operations Well-Drilling Petroleum and Coal Mining Act (52 P. S. §§ 2104, 2208, 2601 and 2602) (Repealed).

25 Pa.Code § 78.11.

> Section 78.13 states:

> (a) No transfer, assignment or sale of rights granted under a permit or registration may be made without prior written approval of the Department. Permit transfers may be denied for the reasons set forth in section 201(e)(4) and (5) of the act (58 P. S. § 601.201(e)(4) and (5)).

(b) The Department may require the transferee to fulfill the drilling, plugging, well site restoration, water supply replacement and other requirements of the act, regardless of whether the transferor commenced the activity and regardless of whether the transferor failed to properly perform the transferor's obligations under the act.

25 Pa.Code § 78.13.

Neither of these sections addresses, in any conceivable way, the issue of what entity determines ownership of a gas well. These sections merely provide regulations requiring those who wish to operate a well to obtain a permit and those who wish to transfer the rights under a permit to obtain prior written DEP permission. Section 78.14, cited by the trial court but not cited by the Morrows, addresses the "Transfer of well ownership or change of address." *See* 25 Pa.Code § 78.14. This section makes no reference to jurisdiction of the DEP to determine ownership in the event of dispute. Rather, it states:

(a) Within 30 days after the sale, assignment, transfer, conveyance or exchange of a well, the new owner or operator shall notify the Department, in writing, of the transfer of ownership.

(b) The notice shall include the following information:

(1) The names, addresses and telephone numbers of the former and new owner, and the agent if applicable.
(2) The well permit or registration number.
(3) The effective date of the transfer of ownership.
(4) An application for a well permit transfer if there is a change in the well operator.

(c) The permittee shall notify the Department of a change in address or name within 30 days of the change.

25 Pa.Code § 78.14.

These Code sections, cited by the Morrows in their brief in support of preliminary objections, have also been cited in their Appellees' Brief.[1] While we may agree with the Morrows' position that the DEP is the sole provider of such regulations, the Morrows have provided no authority for their proposition that the ability to regulate the actions of owners of gas wells translates into the ability to make the legal determination of who actually owns the well.

Case law cited by both the Morrows and the trial court is similarly unpersuasive. Both the trial court and the Morrows rely primarily on ***Texas Keystone Incorporated v. Pennsylvania Department of Conservation and Natural Resources***, 851 A.2d 228 (Pa.Cmwlth. 2004), to support the proposition that the DEP possesses the sole jurisdiction to determine the ownership of a gas well. However, neither the trial court nor the Morrows provide any detailed analysis of that case. Both simply rely upon generic statements regarding the case rather than actual citations to that case.[2] In ***Texas Keystone***, the issue at hand was a dispute over the approval process for drilling permits, a subject definitely under the jurisdiction of the DEP. The first paragraph of the decision concisely sets forth the issues in dispute.

> Texas Keystone Incorporated (TKI) has filed a Petition for Review in the Nature of a Complaint in Equity and Complaint for Declaratory Judgment against the Department of Conservation and Natural Resources (DCNR) pursuant to this Court's original jurisdiction. At issue is DCNR's recently adopted policy relating to

---

[1] The trial court opinion cites generically to Chapter 78 and specifically to § 78.14. ***See*** Trial Court Opinion, January 14, 2019, at 4-5.

[2] ***See*** Trial Court Opinion, January 14, 2019, at 5; Appellees' Brief, at 9.

its leases of state-owned forest lands for oil and gas production. DCNR has filed preliminary objections alleging, *inter alia,* that this Court lacks subject matter jurisdiction because TKI has failed to exhaust its administrative remedies. For the reasons set forth herein, TKI's petition is dismissed as premature insofar as it seeks relief with respect to permits it needs to drill natural gas wells in certain state forest lands it has leased and the remainder of the petition, asserting contractual claims, is transferred to the Board of Claims.

*Texas Keystone Inc.*, 851 A.2d at 230. This case does not address the jurisdiction to determine the ownership of a gas well.

In their brief in support of preliminary objections, the Morrows also cited to an unpublished memorandum decision from our Court in *Teska and Mannarino v. EQT Corp., et al.*, 82 A.3d 463 (Pa. Super. 2013) (unpublished memorandum).[3] The Morrows stated that in *Teska*, "the Superior Court upheld a Greene County Trial Court's Opinion that it could not make a determination of ownership of a gas well because that was the province of the DEP." Brief in Support of Preliminary Objections at 5. Our reading of *Teska* leads us to conclude this is a misrepresentation of the decision. A panel of our Court stated:

---

[3] The text of the decision is not to be found at that citation. The text may be found at 2013 Pa. Super. Unpub. LEXIS 1124, or at 1983 WDA 2012.

We examined the brief in support of preliminary objections, filed with the trial court, in order to help us understand the basis for the argument. Although *Teska* was not cited in its appellate brief (such citation would not be allowed as *Teska* was decided prior to the May 1, 2019, amendment to Pa.R.A.P. 126) we comment upon *Teska* because of the likely effect that case had upon the current argument.

Next, Appellants raise issues with the trial court's determination that they are not the owners of the well. Specifically, Appellants contend that the statutes cited by the trial court and Appellees are inapplicable and Appellants are the "only owners of interest in **both** the severed real and mineral estates." Appellants' Brief, at 22 (emphasis in original). Thus, Appellants believe the trial court erred in concluding that Appellants were not entitled to a declaration that they were the owners of the gas well.

The trial court disagreed, offering the following analysis:

> There is yet another reason why [Appellants] have no right to the well. 58 P.S. § 601.210(a) directs the owner or operator of a well to plug it in a manner prescribed by regulations of the Department of Environmental Resources. According to § 601.103, an owner is a person who owns, manages, leases or controls any well. It specifically does not include the owner of surface property on which an abandoned well is located, unless the surface owner participated in the operation of the well.
>
> It may be that [Appellees] could have assigned to [Appellants] its rights and obligations with regard to the well, but the law imposes no duty on it to do so. Because there is no duty, [Appellants] have not stated a cause of action.

Trial Court Opinion, 11/1/2012, at 2-3.

Once again, we agree with the analysis of the trial court. There is no question that Carnegie Gas Company drilled the well pursuant to a lease. Nowhere does the lease provide that the original lessors, the Houstons, were owners of the well in any way, nor did it require that upon abandonment of the well the gas company was required to transfer ownership. Thus, the trial court could not simply declare that Appellants are now the owners of the well. Moreover, we agree that Appellees could have assigned or sold its ownership of the well to Appellants; but they were under no legal obligation to do so. Thus, the trial court did not err and Appellants are not entitled to relief.

*Teska*, 1982 WDA 2012, (filed June 18, 2013) at 8-9.

This foregoing discussion regarding determination of ownership of the well, makes no reference to the trial court deferring to the DEP for a determination of well ownership. Rather, it appears that the trial court made an independent determination of ownership, which our Court affirmed.

Finally, we note that as a point of logic, it seems unlikely that if the DEP possesses the sole jurisdiction to determine the ownership of this gas well, that it would have stayed its attempt to compel the capping of the abandoned well in question until ownership was determined, rather than simply making that determination.

Because the certified record contains no support in the Pennsylvania Code, Pennsylvania Statutes, or case law, for the proposition that the DEP maintains the sole jurisdiction to determine the ownership of a gas well, we must reverse the trial courts' order terminating the declaratory judgment action and remand the matter to the trial court for further proceedings.

Order reversed. Matter remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2019